**In re PRESCOTT et al.**
**Patent Appeal No. 2744.**

Court of Customs and Patent Appeals.
May 25, 1931.

Sydney I. Prescott, of New York City (George S. Hastings, of New York City, of counsel), for appellants.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claims 6, 12, 13, 44, 45, 46, 48, 49, and 52 in appellants' application for an alleged invention relating to improvements in automobile wheels.

Claims 6 and 46 are illustrative. They read:

"6. In a wheel of the type described, the combination with a hub, of a body mounted on said hub, a tire rim removably mounted on said body, a series of long-threaded nut and thrust screw devices obliquely arranged in said body and engaging said rim, and means for retaining the screws within the nuts when in rim releasing position."

"46. A standardizing wheel of the type described, comprising a hub, a roadside-demountable body having a central aperture permitting free movement by hand of said body in and out of position over said hub, body fastening means a part of which is immovable with respect to said hub for positioning and supporting and a part of which is movable with respect thereto for securing said body in position, a roadside-demountable quick-detachable tire rim, and means for fastening said rim to said body, whereby a tire may be removed either alone or with the rim as a unit or with the rim and body as a unit."

The references are: Gammeter, 1,088,656, Feb. 24, 1914; Baker, 1,320,999, Nov. 4, 1919; Michelin, 1,376,390, Apr. 26, 1921; Swain, 1,400,837, Dec. 20, 1921; Allison, 1,-428,741, Sept. 12, 1922; Williams, 1,441,769, Jan. 9, 1923; Pugh et al. (Br.) 3,082, Feb. 5, 1914.

Claims 6, 13, 44, and 45 relate particularly to means for securing the rim in position, and were rejected on the patent to Gammeter, in view of the British patent to Pugh et al. With reference to these claims, the Board of Appeals said that the patent to Gammeter disclosed "a threaded bolt mounted in an integral nut in the felloe rim for holding a tire rim in place." Continuing the Board said:

"These claims call for means for preventing the screw bolts from becoming detached from the nuts. The patent to Pugh et al. discloses a split ring similar to appel-

lants' for preventing a bolt in a wheel construction from falling out and while the combination is not precisely the same as that called for in the claims under consideration, it is our view that there would be no invention in applying a split ring of the type shown in Pugh et al. to the screw bolt of Gammeter to retain it in the nut."

We think the Board's decision is obviously correct, and that the matter needs no further discussion.

The subject-matter defined in claims 46 and 48, with the exception of one feature thereof describing a part of the "body fastening means" as "immovable with respect to said hub for positioning and supporting," was fully defined in original claim 28 in appellants' application, and was held by the Court of Appeals of the District of Columbia to be patentable. Following that decision, claim 28 was involved in an interference with the patentee, Swain, on an application for a reissue of the Swain patent No. 1,400,837, issued December 20, 1921. Priority of invention having been awarded Swain, appellants canceled the claims involved in the interference, and substituted therefor claims 46, 48, 49, and 52. With reference to these claims, the Board of Appeals said:

"Claims 46 to 52, inclusive, are rejected as not involving invention over the issue of an interference in which appellants were involved with the party Swain, the application of Swain having eventuated into patent 1,-400,837. The broad issue of that interference which appellants lost related to a disc wheel detachable at the hub and with a detachable, quick-detachable tire rim. All of the claims rejected on Swain specify that the body fastening means is immovable with respect to the hub. Appellants hope to distinguish over Swain by specifying that the bolts which pass through the hub flange of Swain are immovable with respect thereto. We agree with the examiner that this is not a patentable distinction, especially in view of the art cited by him showing bolts immovably connected with hubs. * * * Claim 49, in addition to limitations of claim 46, includes reference to the sleeves on the nuts similar to the limitations in amended claims 42 and 43 previously discussed. We do not consider, however, that the limitation is sufficiently clear in this claim to warrant its allowance over Swain. * * * Claim 52; in addition to limitations of claim 46, includes the inclined nuts for holding the rim in position but we do not consider this limitation patentable over Gammeter for rea-sons similar to those given in the discussion of other claims rejected upon this patent."

It is argued by counsel for appellants that appellants' combination is an improvement over the prior art, and that beneficial results have been obtained thereby. It is suggested that more emphasis be given to the new results obtained by appellants than to the means employed to obtain them.

However, we should not be unmindful of the rule that patents should be issued for invention, and not for mere improvements obvious to the skilled mechanic, regardless of their commercial value.

We are of opinion that claims 46, 48, 49, and 52 are not patentable over the references of record, for the reasons stated in the decisions of the Patent Office tribunals.

The decision of the Board of Appeals is affirmed.

Affirmed.